**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JIAN BIN TANG,
INS # A96-108-962,**

      **Petitioner,**

**vs.**                    **Case Number 4:06cv277-MP/WCS**

**ALBERTO GONZALES,
MICHAEL CHERTOFF,
MICHAEL ROZOS,
DAVID HARVEY, and
DEPARTMENT OF
HOMELAND SECURITY**

      **Respondents.**

_____/


## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  Doc. 1.  Service was ordered, doc. 4, and Respondents have now

filed a motion to transfer this action and to substitute parties.  Doc. 13.  Respondents

contend that Petitioner was not in this District when this petition was filed and, thus, this

case should be transferred to the District of New Mexico where Petitioner now is being

detained.  *Id.*  Further, Respondents contend that the Warden of the Bernalillo County

Metropolitan Detention Center in Albuquerque, New Mexico, should be substituted as

the sole respondent in this proceeding.  *Id.*  This report and recommendation is entered

without waiting for a response from Petitioner.

Generally, the proper defendant in a habeas case is the petitioner's "immediate

custodian," that is, the warden of the facility in which the petitioner is incarcerated or

detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla, 542 U.S. 426,

439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit

Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  However,

Padilla does not alter the well-settled rule that if a district court properly acquires

jurisdiction when the case was filed, then the petitioner's subsequent removal to another

judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at

2721, *relying on* Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944)

(holding that despite the Japanese-American citizen's removal from the district court's

territorial jurisdiction, a respondent who resided in the district could appropriately

execute the writ).  Indeed, the Supreme Court reiterated the simple and consistently

applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent

and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at

2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files

a petition naming [his] immediate custodian, the District Court retains jurisdiction and

may direct the writ to any respondent within its jurisdiction who has legal authority to

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than
federal criminal violations,' " a proper respondent may be "the person exercising the
'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

effectuate the prisoner's release."  Padilla, 542 U.S. at 440-41, 124 S.Ct. at 2721,

*explaining* Endo, *supra*.  Jurisdiction attaches upon the initial filing of the § 2241

petition, and will not be destroyed by Petitioner's subsequent Government-effectuated

transfer and accompanying change in physical custodian.  *See e.g.,* Mujahid v. Daniels,

413 F.3d 991, 994 (9th Cir. 2005), *quoting* Francis v. Rison, 894 F.2d 353, 354 (9th Cir.

1990).

        Respondents are correct that the § 2241 petition was stamped by the Clerk's

Office as being filed in this Court on June 8, 2006.  *See* doc. 13, *cf.* doc. 1, p. 1.

Respondents have demonstrated that on June 7, 2006, "Petitioner was transported to

the Krome SPC in Miami, Florida, from Wakulla County Jail, Florida, and was housed

overnight prior to his transfer to the El Paso Service Processing Center in Texas."  Doc.

13, ex. A.  On June 10th, Petitioner was booked into the El Paso, Texas, center, and

then transferred to Albuquerque, New Mexico, on July 19th.  *Id.*  Petitioner was booked

in tbe Barnalillo County Detention Center in Albuquerque on July 20th, and continues to

be housed there "today in ICE custody."  *Id.*

        Respondents are *incorrect*, however, in asserting when this case was filed.

Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was

delivered to prison authorities for mailing, which (absent contrary evidence) the Court

assumes is the date he signed it.  Washington v. United States, 243 F.3d 1299, 1301

(11th Cir. 2001).  Petitioner signed and dated his § 2241 petition on June 6, 2006.  Doc.

1, pp. 10, 11.  On June 6th, Petitioner provides his address as being detained at the

Wakulla County Jail in Crawfordville, Florida.  Doc. 1, p. 10.  Because Respondents

have shown that Petitioner was not transferred away from Wakulla County Jail until June 7th, pursuant to the "mailbox rule," Petitioner was in this District on the date the § 2241 petition was filed.  This Court, accordingly, had jurisdiction over Petitioner when the case was initiated and, thus, retains jurisdiction even though Petitioner has been transferred out of this District.

While the petition named numerous persons as Respondents in this case, at least one of the Respondents is within this District.  Petitioner named the Sheriff of Wakulla County as one of the Respondents.  Doc. 1.  That Respondent is within the territorial jurisdiction of this Court.  Thus, in initiating this case, Petitioner properly filed in "the district of confinement" and he properly named as one of the Respondents the Sheriff (warden) of the county in whose jail he was held.[2]

This case shows the difficulty that would be caused if jurisdiction were to shift when a prisoner is transferred.  When this petition was filed, Petitioner was in the Wakulla County Jail.  Petitioner had been held for some thirty-four months, and had previously been detained at the Krome Detention facility in Miami, in New Orleans, in Pompano Beach, and now, in Albuquerque, New Mexico.  Doc. 1, p. 1; doc. 13, p. 1.  Petitioner may be transferred again.  If a § 2241 petition must be transferred every time

---

[2] The difficulty in naming Respondents in these § 2241 petitions is evident by the facts of this case.  Petitioner is being held on the legal authority of the ICE although he is physically detained in a county jail.  Thus, it would appear that Respondent Michael Rozos, the Field Office Director for Detention and Removal in the Miami District Office of the United States Immigration and Customs Enforcement, would be a proper Respondent.  Doc. 1, p. 3.  Petitioner alleged this Respondent was Petitioner's "legal custodian," although Petitioner simultaneously alleged the Sheriff of Wakulla County was also his "legal custodian" as he was the official who currently had control over Petitioner's physical custody.  *Id.*

the petitioner is transferred, it is doubtful that the case would ever be decided.  Thus, because this Court retains jurisdiction over Petitioner, the motion to transfer should be denied.

Petitioner is currently detained in Albuquerque, however, and thus, the Warden of the Barnalillo County Metropolitan Detention Center will be substituted as a Respondent in place of the Sheriff of Wakulla County.  Respondents' motion for substitution is granted in part.  However, the Warden of the Barnalillo County Metropolitan Detention Center should not be substituted as the sole Respondent in this case.[3]

Here, Petitioner has been held in detention for over three years, having entered immigration custody on July 19, 2003.  Doc. 1.  Petitioner's transfer does not deprive this Court of jurisdiction.  It is time to decide this petition on the merits.  The motion to transfer the case should be denied, and the motion to substitute parties should be granted in part.[4]

---

[3] Indeed, in the case upon which Petitioner's claims are based, Zadvydas v. Davis, 533 U.S. 678 (2001), the Court consolidated several cases together to review the claims of unlawful and indefinite detention.  The respondent in one of the cases was former Attorney General Janet Reno.  See Kim Ho Ma v. Reno, 208 F.3d 815 (2000), cited in Zadvydas v. Davis, 533 U.S. at 686, 121 S.Ct. at 2497.  In the other, respondent was an official with the Immigration and Naturalization Service.  Thus, the other Respondents should not be dismissed from this case based on the motion for substitution.

[4] The motion was filed on behalf of all of the named Respondents in the petition.  Doc. 13.  Regardless of where Petitioner will be at the time this petition is decided, and in the event Petitioner is entitled to relief, it is presumed that ICE (as the legal custodian) would comply with a writ regardless of who may then have physical custody over Petitioner.

Case Number 4:06cv277-MP/WCS

It is respectfully **RECOMMENDED** that the motion to transfer this case, doc. 13,

be **DENIED**, but that the motion to substitute parties, doc. 13, be **GRANTED in part** and

Respondent Warden of the Bernalillo County Metropolitan Detention Center in

Albuquerque, New Mexico, be substituted for Respondent David Harvey, that

Respondents be directed to immediately file the Answer to the § 2241 petition, and this

case **REMANDED** to the undersigned for further proceedings.

 **IN CHAMBERS** at Tallahassee, Florida, on August 18, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

 **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**