IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIAN BIN TANG,
INS # A96-108-962,

    Petitioner,

v.                                       CASE NO. 4:06-cv-277-MP-WCS

ALBERTO GONZALES,
MICHAEL CHERTOFF,
MICHAEL ROZOS,
DAVID HARVEY, and
DEPARTMENT OF
HOMELAND SECURITY,

    Respondents.
_____/

**O R D E R**

This matter is before the Court on Doc. 14, Report and Recommendation of the Magistrate Judge, which recommends that Respondents' Motion to Transfer Case and Substitute Parties, Doc. 13, be granted in part and denied in part. The Magistrate Judge filed the Report and Recommendation on Friday, August 18, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made.

Petitioner Tang has filed an objection, Doc. 18, to the Magistrate's recommendation that the Respondent's Motion to Substitute Parties, Doc. 13, be granted in part and that Respondent Warden of the Bernalillo County Metropolitan Detention Center in Albuquerque, New Mexico, be substituted for Respondent David Harvey. The Petitioner states that he has never been detained in the Bernalillo County Metropolitan Detention Center, but rather is currently detained

at the Regional Correctional Center.  It appears that both centers share a common address: 415 Roma NW, Albuquerque, New Mexico 87102.  Attached to Respondents' Motion to Transfer is the Custody Summary Inquiry, which lists Petitioner's detention location identification as "BERNANM."  Doc. 13, ex. B at 3.  Respondents state that this is the identification for the Bernalillo County Metropolitan Detention Center.  It is understandable that confusion can arise from the mutual address of the two facilities.  Therefore, although the Court accepts the Respondents' statement of the Petitioner's present location, the parties are directed to keep the Court informed should this change.  However, as ICE is the legal custodian of Petitioner, the Court agrees with the Magistrate that compliance with any order is presumed regardless of who may then have physical custody over Petitioner.

The Respondents request a transfer of this case from the Northern District of Florida to the District of New Mexico, and that the Warden of the Bernalillo County Metropolitan Detention Center in Albuquerque, New Mexico, be substituted as the sole defendant.  The central argument of the Respondents is that Petitioner was not in the Northern District of Florida at the time that he filed his petition for writ of habeas corpus, and therefore this Court lacks subject matter jurisdiction over this case and in personam jurisdiction over Petitioner under 28 U.S.C. § 2241.  Doc. 13 at 2.  Because Respondent Harvey did not have custody and control over the Petitioner at the time of filing, Respondents argue, a habeas petition cannot be sustained.

The Court agrees with the Magistrate that the relevant date in this case is not when the petition was filed by the Clerk, but rather when the Petitioner delivered the petition to prison authorities for mailing, which absent evidence to the contrary was the date he signed it–June 6, 2006.  Under Washington v. United States, "a prisoner's pro se § 2255 motion is deemed filed

the date it is delivered to prison authorities for mailing." 243 F.3d 1299, 1301 (11th Cir 2001). At that time Petitioner was under the custody and control of Respondent Harvey, and was confined within the Northern District of Florida.  When Petitioner was transferred from the Wakulla County Jail on June 7, this Court retained jurisdiction.  Because Petitioner has already been transferred numerous times, the Court agrees with the Magistrate that Respondents' Motion to Transfer should be denied.

The Court also agrees with the Magistrate that Respondents' Motion to Substitute Parties should be granted in part.  As Petitioner is currently detained in Albuquerque, the Warden of the Barnalillo County Metropolitan Detention Center is substituted as a Respondent in place of the Sheriff Harvey of Wakulla County.  However, Respondent's motion is denied in part as it asks for the Warden of the Barnalillo County Metropolitan Detention Center to be substituted as the sole Respondent in this case.  Respondents have already filed a response to Petitioner's petition, and the case is suitable for a decision on its merits.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 14, is adopted and incorporated by reference in this order.

2. Respondent's Motion to Transfer, Doc. 13, is DENIED.

3. Respondent's Motion to Substitute Parties, Doc. 13, is GRANTED in part, and Respondent Warden of the Bernalillo County Metropolitan Detention Center in Albuquerque, New Mexico, is substituted for Respondent David Harvey.

4. This case is REMANDED to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this   *12th* day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 4:06-cv-277-MP-WCS*