IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIAN BIN TANG,

    Petitioner,

v().    CASE NO. 4:06-cv-00277-MP-WCS

ALBERTO GONZALES,
MICHAEL CHERTOFF,
MICHAEL ROZOS,
DAVID HARVEY, and
DEPARTMENT OF
HOMELAND SECURITY,

    Respondents.

_____/

**O R D E R**

    This matter is before the Court on Doc. 22, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Tang's petition for writ of habeas corpus be denied. The Magistrate Judge filed the Report and Recommendation on Friday, October 13, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), the Court must make a de novo review of those portions to which an objection has been made. Petitioner has filed a reply to the Government's response to the petition for habeas corpus, Doc. 23, which the Magistrate has construed as objections to the Report and Recommendation.

    Petitioner, a native and citizen of the People's Republic of China, arrived in the United States on July 19, 2003, at St. John, U.S. Virgin Islands. Since that date, Petitioner has remained in the custody of United States immigration officials. After a removal hearing on March 19, 2004, an Immigration Judge ordered Petitioner removed from the United States.

Multiple efforts were made to remove Petitioner, but so far China has refused to issue travels documents because it cannot verify Petitioner's citizenship.  Petitioner has filed for a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that because there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, his continued detention is unauthorized.

When an alien is ordered removed from the United States, the Government has a 90-day "removal period" to remove the alien, during which the alien must be detained.  8 U.S.C. § 1231.  The Supreme Court of the United States in Zadvydas v. Davis held that continued detention of an alien beyond the 90-day removal period was constitutional, but specifically stated that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." 533 U.S. 678, 689 (2001).  Continued detention of an alien pending removal beyond the removal period is unauthorized once removal is no longer reasonably foreseeable.  In Zadvydas, the Court established, as necessary for the process of removal, a six-month period during which detention was presumptively reasonable.  After this six-month period, an alien is eligible for conditional release by demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future."  Id. at 701.

The Court agrees with the Magistrate that although Petitioner has been detained well beyond the presumptively reasonable removal period, continued detention is still authorized.  The record reflects that Petitioner has not only failed to cooperate with immigration officials, but also has actively attempted to hinder the removal process.  Although Petitioner objects that he has assisted the removal process throughout, save one instance, the evidence suggests the

contrary. Nearly every form provided to Petitioner to assist the removal process, such as passport applications, Petitioner either refuses to sign or fills with incomplete or incorrect information. When the Chinese Consulate required additional identification information, Petitioner responded with no such information, but rather begged the Consulate not to issue any travel documents:

> I beg you, no matter what, do not process my travel document. Because I owe a lot of money, if I go back I will die for sure. My whole family will also get in trouble. I beg you, no matter what, do not process and issue my travel document.

Doc. 16, p. 5; Ex. Q. As hundreds of people are removed to China each year, there appears to be no reason for Petitioner's prolonged detention except for his failure to cooperate with the process. Therefore, the Court agrees with the Magistrate that the six-month period of removal pursuant to Zadvydas has been tolled as permitted by 8 U.S.C. § 1231(a)(1)(C), and that continued detention is authorized. Because the continued detention is authorized, Petitioner Tang's petition for writ of habeas corpus must be denied. Therefore, having considered the Report and Recommendation, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 14, is adopted and incorporated by reference in this order.

2. Petitioner Jian Bin Tang's petition for a writ of habeas corpus, Doc. 1, filed pursuant to 28 U.S.C. § 2241, is DENIED.

**DONE AND ORDERED** this  _8th_ day of December, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge

*Case No: 4:06-cv-00277-MP-WCS*